### COMMISSIONER OF HUMAN SERVICES

v.

### Earlene LEVESQUE.

Supreme Judicial Court of Maine.

Argued June 4, 1987.

Decided July 15, 1987.

Torrey A. Sylvester (orally), Sylvester Law Office, Houlton, for appellant.

Erna J. Koch (orally), Asst. Atty. Gen., Department of Human Services, Augusta, Brian E. Swales, Houlton, for appellee.

Margaret W. Thompson (orally), Presque Isle, guardian ad litem.

Before McKUSICK, C.J., and NICHOLS, ROBERTS,* GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice

Earlene Levesque appeals from the order of the Aroostook County Probate Court directing her to turn over $37,052.86 to the Commissioner of Human Services (Commissioner), the conservator for Alta Crouse. Levesque contends the court erred by placing on her the burden to prove that Crouse had given her the funds,[1] and by applying the standard of proof set forth in 18–A M.R.S.A. § 6–103(a) (1981).[2] We hold that the court did not err in its findings of fact or application of the law and affirm the judgment.

## I

Alta Crouse had approximately $43,000 in joint accounts with her niece, Marion Munson, at the Merrill Trust Company in Washburn. Not wishing to become involved in a possible domestic conflict between Crouse and members of her family, Munson requested that Levesque, the daughter of Crouse, be substituted for Munson on the accounts. Munson, Levesque and Crouse went to the bank on August 20, 1984 for the purpose of substituting the name of Levesque for that of Munson on the accounts. From funds in the existing joint accounts with Munson, a $35,000 certificate of deposit (CD) was purchased in the joint names of Crouse and Levesque, and Levesque's name was substituted for that of Munson on the remaining funds in the savings and checking accounts. Munson retained a limited power of attorney over the checking and savings accounts. In June 1985, Levesque cashed the CD and deposited the money in a Massachusetts bank in her own name. The Commissioner was appointed as conservator for Crouse in November, 1985.

By a petition filed in the Aroostook County Probate Court, the Commissioner requested that Levesque be ordered to turn over to the Commissioner all moneys in her possession belonging to Crouse. After hearing, the court found that it was not persuaded that Crouse intended to make a gift of the $43,000 to Levesque and ordered Levesque to turn over to the Commissioner this amount, less the approximate amount of $6,000 that Levesque had spent on the support of Crouse.

## II

On appeal Levesque contends, as she did before the trial court, that a gift from Crouse to her of all the moneys then in the joint names of Crouse and Munson had been completed prior to the purchase of the CD and creation of the accounts in the joint names of Crouse and Levesque. She argues the trial court therefore erred (1) in not placing on the Commissioner, as the moving party, the burden to prove that no gift had been made, and (2) in applying the provisions of section 6–103(a). We disagree.

We review the decision of the trial court to determine if there is clear error in its factual findings or if it has misapplied the applicable law. *Director of the Bureau of*

---

* Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

1. This action was commenced by the Commissioner of Human Services filing a Petition for Interim Order in the Estate of Alta Crouse in the Aroostook County Probate Court. The parties agree that it is a civil proceeding within the concurrent jurisdiction of a probate court and the Superior Court and the action more properly should have been instituted by the filing of a complaint requiring the filing of an answer setting forth any affirmative defenses. Had this been done, the allocation of proof would have been more apparent to the respective parties. *See* M.R.Prob.P. 2(b).

2. 18–A M.R.S.A. § 6–103(a) provides:
   A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contribution by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

*Labor Standards v. Cormier,* 527 A.2d 1297, 1299 (Me.1987). Assessing the credibility of witnesses and weighing the evidence is initially the exclusive province of the finder of fact. *Allen v. Hunter,* 505 A.2d 486, 487 (Me.1986); *Tonge v. Waterville Realty Corp.,* 448 A.2d 902, 905 (Me. 1982).

■■■■ Unless Crouse made a valid and irrevocable gift to Levesque, the funds in their joint names formed a part of the estate of Crouse. The burden of proving such a gift rested on Levesque. *Hand v. Nickerson,* 148 Me. 465, 472, 95 A.2d 813, 817 (1953); *Rose v. Osborne,* 133 Me. 497, 180 A. 315 (1935). The funds being in joint accounts, the provisions of section 6–103(a) are applicable. Accordingly, Levesque had the burden to prove by "clear and convincing evidence" that Crouse had delivered the personal property to her with the intent that title would pass immediately. The only evidence in support of Levesque's claim was her own testimony. The testimony of Munson and of the bank officer that handled the account contradicted her contention.

The trial court properly found that Levesque had failed to meet her burden to prove by clear and convincing evidence that any of the funds in the joint names of Crouse and Levesque had been contributed by Levesque.

The entry is:

Judgment affirmed.

All concurring.