## William H. SHAHEEN et al.

v.

## GEWAPPI'S, INC.

Supreme Judicial Court of Maine.

Argued June 8, 1987.
Decided Aug. 17, 1987.

William W. Willard (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

John R. Kugler (orally), Wells, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

On appeal from the judgment of the Superior Court, York County, the defendant, Gewappi's, Inc. contends that the court erroneously awarded the sum of $10,000 to the plaintiffs, William H. Shaheen and Daniel Cappiello, as damages for the defendant's breach of an oral agreement to convey real property to the plaintiffs. We agree with the defendant and vacate that portion of the judgment granting the $10,000 award of damages.

The record discloses that the defendant engaged a real estate broker for the purpose of selling a restaurant known as "Gewappi's." The broker received an offer from DJ Partnership (DJ) for $350,000. The next day, the broker received an offer from the plaintiffs for $400,000. After several days, the defendant decided to accept the plaintiffs' offer. The broker drafted a written agreement that was signed by the plaintiffs and delivered to the defendant for its signature. The defendant did not sign the agreement and instead, the morning after its receipt, sold the property to DJ for $420,000. The plaintiffs brought the present action seeking, *inter alia,* an order granting specific performance of the agreement and for damages for loss of profit that could have been realized by the plaintiffs during a season of operation of the restaurant. The defendant by his answer alleged the affirmative defense of the Statute of Frauds.

After trial, the court specifically found there was no signed written agreement between the parties and that specific performance of any oral agreement between the parties was barred by the Statute of Frauds. The court entered a judgment for the defendant on the plaintiffs' claim seeking specific performance of the agreement, but awarded damages to the plaintiffs in the amount of $10,000. The defendant appeals, challenging the $10,000 award of damages.

"We review the decision of the trial court to determine if there is clear error in its factual findings or if it has misapplied the

applicable law." *Commissioner of Human Services v. Levesque*, 528 A.2d 456 (Me.1987). The Statute of Frauds requires that a contract for the sale of land must be in writing to be enforced.[1]

Our careful review of the record in this case discloses that the court properly found that there was no written agreement between the parties. Because the plaintiffs failed to remove the alleged agreement between the parties from the purview of the Statute of Frauds, the court erroneously awarded $10,000 in damages to the plaintiffs for its breach.

The entry is:

Judgment modified by striking the award to the plaintiffs of damages in the amount of $10,000; judgment as modified affirmed.

All concurring.

1. Maine's Statute of Frauds provides in pertinent part "[n]o action shall be maintained in any of the following cases: ... (4) Contract for sale of land. Upon any contract for the sale of lands ... unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith...." 33 M.R.S.A. § 51 (1978).