**Roger B. RAY**

v.

**BLUE ALLIANCE MUTUAL INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued June 7, 1991.
Decided Aug. 6, 1991.

Roger B. Ray (orally), pro se.

Barry A. White (orally), Blue Alliance Mut. Ins. Co., Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN,* GLASSMAN, CLIFFORD COLLINS and BRODY, JJ.

ROBERTS, Justice.

Roger B. Ray appeals a judgment of the Superior Court (Cumberland County, *Cole, J.*) reversing a decision of the District Court (Portland, *Goranites, J.*) that Ray and his wife, now deceased, were entitled to insurance benefits for acupuncture treatments under the contract they had with the defendant, Blue Alliance Mutual Insurance Company (BAMICO). Because we agree that the contract could not be construed to require payment for the acupuncture treatments, we affirm.

Ray and his wife suffered from osteoarthritis. They received a series of treatments for their arthritis from licensed physicians in Maine for a period of years. Having obtained no relief from conventional therapy, the Rays sought relief through acupuncture treatments. Although a medical doctor recommended that at least Mrs. Ray should receive such treatment, the acupuncturist they saw was not a medical doctor.

The Rays filed insurance claims with BAMICO seeking payment for services rendered by the acupuncturist. BAMICO responded that they felt that the services were "experimental" and denied the claims. In a second letter, BAMICO also stated that the policy limited benefits "to duly licensed doctors of medicine, osteopathy, dentistry, podiatry, or optometry operating within the scope of their licenses." The Rays then obtained a judgment against BAMICO under their major medical policy in small claims court. BAMICO appealed the decision to the Superior Court on the ground that the insurance contract did not provide coverage for acupuncture treatments. The Superior Court determined that the contract language unambiguously excluded acupuncture from coverage.

---

* Wathen, J., sat at oral argument but did not participate further.

The only pertinent issue in this case concerns the language of the policy issued to the Rays. Only two sections of the insurance contract control our decision.[1] The first relevant section entitled "Covered Services," describes services that the plan covers and includes the statement that:

> This policy covers services by physicians. Under this policy, physician means duly licensed doctors of medicine, osteopathy, dentistry, podiatry or optometry operating within the scope of their licenses.

The other relevant section of the insurance contract enumerates a number of services, procedures and situations that the policy does not cover. It specifically states that:

> This policy provides benefits only for the services and supplies specified and only to the extent described. All other services and supplies are excluded from coverage.

Because acupuncture is not included specifically in these sections of the policy, the policy excludes acupuncture.

In the past we have made clear that we "will construe conditions and exceptions of the insurance contract ... strictly against the insurer and liberally in favor of the insured." *Patrons–Oxford Mutual Insurance Company v. Dodge*, 426 A.2d 888 (Me.1981). In the instant case we find nothing in the contract that arguably supports the Rays' contention that this contract can be interpreted to pay for services such as acupuncture. The contract specifically delineates which "health care services" it provides for, defining each service in turn. The contract then goes on to exclude "all other services." We are satisfied that acupuncture must come within this "all other services" exclusion.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and GLASSMAN, CLIFFORD and BRODY, JJ., concur.

COLLINS, Justice, dissenting.

I respectfully dissent.

We review directly the decision of the District Court, here sitting as the Small Claims Court. *Cf. City of Portland v. Gemini Concerts, Inc.*, 481 A.2d 180, 181 (Me.1984). Because I cannot conclude on this record that the District Court misapplied the law,[1] I would vacate the Superior Court's decision and reinstate the judgment in favor of the Rays.

The Small Claims Court was obligated to construe the terms of the insurance policy as a matter of law, and to construe any ambiguities strictly against the insurer. *See Baybutt Constr. Co. v. Commercial Union Ins. Co.*, 455 A.2d 914, 921 (Me. 1983). Here, although the policy limited coverage to services provided by physicians,[2] it also states that it covers "medically necessary hospital admissions, *health-care services*, supplies, and equipment." (Emphasis added.)

At the hearing before the Small Claims Court, the Rays produced a letter from a physician stating that acupuncture "should be considered a prescribed therapy" for Mrs. Ray and that it had produced "very good results." The court reasonably could have inferred from this evidence that the acupuncture was a medically necessary health care service.

Because the term "healthcare service" is not further defined in the policy, I agree with the Small Claims Court that an ambi-

---

1. We intimate no opinion on BAMICO's argument that acupuncture treatments are experimental.

1. Although the Superior Court stated that the District Court's ruling was "clearly erroneous as a matter of law," I presume that it properly reviewed the District Court's conclusions of law for legal error, and that it did not intend to set aside the District Court's findings of fact, which were adequately supported by the evidence. *See Commissioner of Human Services v. Levesque*, 528 A.2d 456, 458 (Me.1987) (on appeal, court reviews findings of fact for clear error, i.e. to determine whether they are supported by competent evidence in the record, and conclusions of law for legal error).

2. The policy also excludes "experimental" treatments. Because the testimony showed that BAMICO routinely provides coverage for acupuncture under other policies, BAMICO's attempt to characterize acupuncture as "experimental" was apparently a makeweight argument.