In re CORK & BAGEL TRADING
COMPANY, Debtor.

Joseph V. O'DONNELL,
Trustee, Plaintiff,

v.

Eliot CHERTOK, Defendant.

Bankruptcy No. 93–20224.
Adversary No. 94–2020.

United States Bankruptcy Court,
D. Maine.

Dec. 29, 1995.

Daniel R. Felkel, Troubh, Heisler & Piam-
piano, PA, Portland, ME, for Plaintiff.

David P. Corcker, Portland, ME, for De-
fendant.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy
Judge.

This matter came before the Court on
Joseph V. O'Donnell's ("Trustee") complaint
against Eliot Chertok ("Defendant") to com-
pel turnover of property pursuant to 11
U.S.C. § 542. Both parties moved for sum-
mary judgment. The issue is whether Debt-
or owned the property, a 1992 Buick Riviera,
at the time of the filing of the bankruptcy
petition.

### I. FINDINGS OF FACT

The case was submitted upon stipulation of
the following facts:

Cork & Bagel Trading Company ("Debt-
or"), a closely-held corporation, filed for pro-
tection under Chapter 7 of the Bankruptcy
Code on March 23, 1993. Defendant was the
Treasurer and a Director of Debtor during
all relevant times.

On March 11, 1992, just over one year
prior to the filing of the bankruptcy petition,
Defendant purchased a 1992 Buick Riviera
("vehicle") from Frank Goodwin's Chevrolet–
Buick ("Goodwin's"). Defendant paid the
purchase price, sales taxes, excise taxes, reg-
istration fees, and maintenance, totaling $28,-
601.76, all by checks drawn on non-Debtor
bank accounts with non-Debtor funds. How-
ever, the sales invoice lists Debtor as the
purchaser and both the certificate of title and
registration are in Debtor's name because
the salesman at Goodwin's assumed that the
Riviera was a company vehicle and prepared
the registration paperwork in Debtor's
name.[1] Defendant has always been in pos-
session and control of the vehicle. The vehi-

---

1. Debtor separately maintained a leased 1987
Buick Estate Wagon purchased from and ser-
viced by Goodwin's. At the time of the lease, the
dealership was called Strawberry Buick. In Feb-
ruary 1991, Goodwin's purchased Strawberry
Buick and continued to operate the dealership
under its own name. It was because of this past

cle has not been used in Debtor's business except for occasional use by Barbara Chertok, Defendant's wife and Debtor's President, for business-related travel. Until May 1, 1995, the vehicle was insured under Debtor's business insurance policy at a cost of $1,459.92, and Debtor was the loss payee. The only other expenditure by Debtor was $235.88 for gasoline purchased in connection with Barbara Chertok's business-related travel. Debtor has never claimed the vehicle as an asset nor allowed for its depreciation on the corporate tax returns.

## II. CONCLUSIONS OF LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Bankr.P. 7056. The Court finds there are no genuine issues of material fact and the only legal issue is what constitutes ownership of a vehicle for purposes of this turnover action.

■■■ A debtor's rights and interests in property are determined by state law. *See Barnhill v. Johnson*, 503 U.S. 393, 397, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992); *In re One Bancorp Securities Litigation*, 151 B.R. 1, 2 (D.Me.1993). Under Maine law, an owner, for certificate of title purposes, is "a person ... having the *property in or title to* a vehicle." 29 M.R.S.A. § 2351(5) (1973) (emphasis added), *repealed by* 29-A M.R.S.A. § 602(8) (1995).[2] The certificate of title must contain "[t]he name and address of the owner." 29 M.R.S.A. § 2367(1)(B) (1973), *repealed by* 29-A M.R.S.A. § 658(1)(B) (1995). "A certificate of title ... is prima facie evidence of the information appearing on it." 29 M.R.S.A. § 2367(4) (1973), *repealed by* 29-A M.R.S.A. § 658(4) (1995).

The Court finds that under the definition of owner, both Debtor and Defendant qualify as owners of the vehicle. Debtor's name is on the certificate of title creating a rebuttable presumption that Debtor is the owner of the vehicle. The Court finds that Defendant

has overcome the presumption based on the stipulated facts: Defendant paid the entire purchase price of the vehicle, including taxes, fees, and later, maintenance and insurance with non-Debtor funds drawn on non-Debtor bank accounts; he was in exclusive control and possession of the vehicle, except when he loaned it to his wife, Debtor's President, for de minimus business-related travel; Debtor expended insignificant amounts of money on gasoline ($235.88) and insurance ($1,459.92) for the vehicle as compared to Defendant's expenditures; Debtor did not declare the vehicle as an asset or allow for depreciation on its tax returns; and the affidavit of Goodwin's salesman shows that there was no intention by either Defendant or Debtor to have the vehicle titled and registered in Debtor's name, but rather it was a mistake attributable to the salesman.

The Court finds, therefore, that Defendant was the owner of the vehicle at the time the bankruptcy petition was filed. Defendant's motion for summary judgment is granted and the Trustee's motion is denied.

The foregoing constitutes findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

---

relationship with Debtor that the salesman assumed the vehicle was a company vehicle.

**2.** The motor vehicle statute was repealed and revised effective January 1, 1995. This section substituted "having the property in" with "control." The meaning, however, is the same.