2001 ME 101

**ACADIA INSURANCE COMPANY**

v.

**Samantha MASCIS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 31, 2001.

Argued May 16, 2001.

Decided July 2, 2001.

dence and assessed the credibility of the various witnesses." *Id.*

John S. Whitman (orally), Richardson, Whitman, Large & Badger, P.C., Portland, for plaintiff.

Keith R. Jacques (orally), Sarah K. Hall, Smith Elliott Smith & Garmey, P.A., Saco, for Patrick Adams, defendant.

Joel H. Thompson, Preti, Flaherty, Beliveau, Pachios & Haley, L.L.C., Portland, for Samantha Mascis, defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Acadia Insurance appeals from a summary judgment entered in the Superior Court (Cumberland County, *Delahanty, J.*) in favor of Samantha Mascis and Pat-

rick Adams. Acadia contends that Samantha was not insured under its automobile liability policy because the vehicle Samantha was operating at the time she was in an accident was "furnished or available" for her "regular use" within the meaning of the policy's coverage exclusion and that the court erred in concluding that the exclusion does not apply. We disagree with Acadia and affirm the judgment.

[¶ 2] The parties have stipulated to the relevant facts. On December 1, 1996, Mary Levy Mascis and her boyfriend, Richard Pascucci, contracted with Acadia Insurance Company for automobile insurance extending until December 1, 1997. Coverage extended to family members,[1] including Mary's daughter, Samantha Mascis. The policy contained the following "regular use" exclusion: "We do not provide Liability Coverage for the ownership, maintenance or use of ... [a]ny vehicle, other than 'your covered auto,' which is ... furnished or available for the regular use of any 'family member.' "

[¶ 3] During the summer of 1997, Samantha had her learner's permit, but was not yet a licensed driver. Therefore, she could drive only when accompanied by a licensed driver at least eighteen years old. *See* 29–A M.R.S.A. § 1304 (1996 & Supp. 2000). Samantha was then dating nineteen-year-old Nathan Legere, who had his own vehicle and was insured. Samantha drove Legere's vehicle, with him accompanying her, three to five times per week over a two-month period that summer in order to gain driving experience. She did not have keys to Legere's vehicle, Legere always had to accompany her when driving, Legere's vehicle was never left in Samantha's possession, and Legere drove a majority of the time when they were together, but let Samantha drive when she wanted to.

[¶ 4] On the evening of September 19, 1997, Samantha, who was sixteen years old at the time, was driving Legere's vehicle with Legere in the passenger's seat and Samantha's brother, Dominic Mascis, and his friend, Patrick Adams, in the backseat. Samantha lost control of the vehicle and the car went off the road, hitting four trees and a stone wall. Adams was injured. Adams has asserted a claim against Samantha, but has not yet filed a lawsuit against her. Legere's insurance provides primary coverage for the accident, but a question arose as to Acadia's duty to provide secondary coverage.

[¶ 5] Acadia examined Samantha under oath as the insurance contract permits, and then filed a complaint against Samantha and Adams in the Superior Court on June 17, 1999. Acadia sought a declaratory judgment that Samantha was ineligible for coverage pursuant to the regular use exclusion because Legere's vehicle was furnished or available for Samantha's regular use. Samantha counterclaimed, and all parties moved for a summary judgment and later stipulated to all material facts.

[¶ 6] In entering a summary judgment in favor of Samantha and Adams, the Superior Court found the following factors relevant: "the age of [Samantha] and her lack of a driver's license, lack of control over the vehicle, the inability to use it without the presence of a licensed adult and the apparent lack of authority to use it whenever she pleased ...." The court concluded that Acadia owed Samantha a duty to indemnify her for Adams's potential claims according to the policy. Acadia appealed.[2]

---

1. The policy defined "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."

2. Although generally an insurer's duty to in-

[¶ 7] Acadia contends that Samantha's use of Legere's vehicle comes within the regular use exclusion and she is therefore ineligible for coverage because: (1) Legere's vehicle was *furnished* for Samantha's regular use in that she used his car three to five times each week and had blanket permission to use the vehicle, and (2) Samantha's use of Legere's vehicle was therefore *regular* and her driving of that car became "habitual, customary, usual, and frequent."

[¶ 8] In contrast, Samantha and Adams contend that Samantha's use was not regular, and point to a list of indicia used by the United States Court of Appeals for the Second Circuit to analyze this question.[3] In analyzing Samantha's use according to these factors, Samantha and Adams note that the vehicle was never left in Samantha's possession and Samantha had to ask Legere's permission each time before driving his car; she had to be accompanied by a driver over eighteen; she did not have her own keys to his car; her use was limited by many factors including the times that she saw Legere and their social engagements; her use was limited to social purposes and was therefore a casual use; and the Legere vehicle was not Samantha's principal means of transportation. Accordingly, they argue that Samantha's mother could not reasonably have been expected to pay additional premiums for

Samantha's use of Legere's vehicle, Samantha's use of Legere's vehicle was not a regular use within the exclusion.

[¶ 9] Summary judgment is properly granted if the party with the burden at trial presents evidence that, without more, entitles her to a judgment as a matter of law. *June Roberts Agency, Inc. v. Venture Props., Inc.,* 676 A.2d 46, 48 (Me.1996). We view the evidence in the light most favorable to Acadia and review the grant of a summary judgment for errors of law. *See Keyes Fibre Co. v. Lamarre,* 617 A.2d 213, 214 (Me.1992). The interpretation of an insurance contract exclusion and its applicability is a matter of law and is reviewed de novo. *Maine Mut. Fire Ins. Co. v. Gervais,* 1998 ME 197, ¶ 7, 715 A.2d 938, 940. Insurance contract conditions and exceptions are construed "strictly against the insurer and liberally in favor of the insured." *Ray v. Blue Alliance Mut. Ins. Co.,* 594 A.2d 1110, 1111 (Me.1991) (quoting *Patrons–Oxford Mut. Ins. Co. v. Dodge,* 426 A.2d 888, 891 (Me. 1981)).

[¶ 10] In this case, because the material facts are not in dispute, the issue is whether or not those facts exclude Samantha's use of Legere's vehicle from policy coverage as a "regular use" as a matter of law. Regular use may be found even when restrictions are imposed on that use. For example, a finding of regular use was

demnify cannot be decided in a declaratory judgment action prior to trial because it is dependent on the facts actually established at trial, *Am. Policyholders' Ins. Co. v. Kyes,* 483 A.2d 337, 339 (Me.1984), we nevertheless agree to decide the merits of this case because all parties have stipulated to the facts and are bound by that stipulation, therefore bringing this case within the very narrow exception to this general rule iterated in *Northern Sec. Ins. Co., Inc. v. Dolley,* 669 A.2d 1320, 1321–23 (Me.1996). Thus, this case is ripe for decision.

**3.** These factors include:

(1) blanket permission to use the car rather than having to ask permission for each use; (2) availability of a set of keys to the car; (3) continuous, steady, methodical use as opposed to occasional or special use; (4) the nature of the use (e.g. use for all purposes rather than solely business use); and (5) that the insured would reasonably have expected to pay an extra premium to cover the use of the car.

*Amica Mut. Ins. Co. v. Franklin,* 147 F.3d 238, 242 (2d Cir.1998).

upheld when a sailor left his car in the care of a friend while overseas even though some restrictions were imposed on the friend's use of the car, such as no alcohol consumption before driving. *Allstate Ins. Co. v. Gov't Employees Ins. Co.,* 263 A.2d 78, 79 (Me.1970). Because the driver was given both the right and the opportunity to use the vehicle anytime, we concluded that an uncompensated risk was created for the insurance company and that the friend's use of the vehicle was therefore a "regular use." *Id.* at 83.

[¶ 11] In *Allstate,* we also stated that insurance exclusions should be interpreted consistently with their obvious contractual purpose. *Id.* at 81.

> The purpose of the [regular use provision] in an automobile liability policy is to cover *occasional or incidental* use of other cars without the payment of an additional premium, but to exclude the *habitual* use of other cars, *which would increase the risk* on the insurance company without a corresponding increase in the premium.

*Id.* An example of a regular use to which the exclusion would apply is when one household uses two vehicles interchangeably but insures only one of the vehicles. *Id.* at 82. That situation is not analogous to the facts presented here because Samantha had neither an unrestricted right nor an unfettered opportunity to drive Legere's vehicle. Although no single factor is dispositive in analyzing this question, a number of factors are relevant to its determination. *See Amica Mut. Ins. Co. v. Franklin,* 147 F.3d at 242. Samantha's ability to drive Legere's vehicle was strictly limited by his permission and the time she spent with him. The vehicle was not left in her possession and she did not own a set of keys. Furthermore, Mary Mascis, Samantha's mother, could not have reasonably expected that she would have to pay additional premiums for Samantha's use of Legere's vehicle. Given these factors and the liberal construction of insurance policies in favor of coverage for the insured, Samantha's use of Legere's vehicle did not rise to a level of regularity so as to remove it from the scope of Acadia's coverage. Accordingly, the Superior Court correctly determined that Legere's vehicle was not furnished or available for Samantha's regular use within the meaning of the exclusion.

The entry is:

Judgment affirmed.