STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 DEC -8 A 8: 20

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-328
TDW-CUM - 12/8/2004

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

Plaintiff

DEC 27 2004

v.                                                    ORDER

MICHAEL MONTAGNA, et al,

Defendants

In this action plaintiff State Farm Mutual Automobile Insurance Co. seeks a declaratory judgment that it does not have any contractual obligation to defend or indemnify Michael Montagna against a pending negligence action filed by Jason Pease. Montagna and Pease have been named as defendants in this action. Before the court is plaintiff's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See Handy Boat Service, Inc. v. Professional Services, Inc., 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (construing former Rule 7(d)). The facts must be considered in the light most favorable to the non-moving party. E.g., Panasonic Communications & Systems Co. v. State of Maine, 1997 ME 43, ¶10, 691 A.2d 190, 194. Thus, for purposes of summary

judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Harkness v. Fitzgerald, 1997 ME 207 ¶ 5, 701 A.2d 370, 372.

In this case no material facts are disputed. With one qualification that is not material to the outcome of this motion, State Farm's statement of material facts was admitted by Montagna and Pease. Montagna and Pease also filed a six paragraph statement of additional facts, all of which were admitted by State Farm.

The relevant facts as they appear from the statement of material facts can be briefly recited. Pease is a Detective Sergeant with the Lincoln County Sheriff's Office. On December 25, 2002 he was dispatched to a residence in Jefferson, Maine. He went there in a marked Lincoln County Sheriff's Office vehicle. When he arrived he encountered Montagna. Montagna refused to cooperate with Pease and ran to Pease's marked patrol vehicle. Pease tried to extricate Montagna from the vehicle but the vehicle, operated by Montagna, struck Pease. After being struck by the vehicle, Pease discharged his firearm in the direction of the vehicle. State Farm SMF ¶¶ 8-9, 11-15 (admitted).

For purposes of determining whether an insurance company has a duty to defend, the court should compare the allegations in the underlying complaint with the relevant provisions of the insurance policy. E.g., York Insurance Group v. Lambert, 1999 ME 173, ¶4, 740 A.2d 984, 985. In this case, the underlying complaint in Pease's

2

pending action against Montagna in Lincoln County Superior Court has been submitted by the parties and consists of the same essential facts recited above, but with less detail.[1]

At the time of the December 25, 2002 incident, Montagna had an automobile insurance policy with State Farm. That policy provides that State Farm will pay damages that Montagna became legally liable to pay because of bodily injury to others caused by an accident resulting from the use of "your car" and will defend any suit against an insured for such damages. State Farm Policy, page 7, Section I – Liability – Coverage A.[2] The term "your car" is defined to mean the vehicle described on the declarations page, which was a 1995 Saab 9000. See State Farm SMF ¶ 2. There is also a provision governing "coverage for the use of other cars" which expressly extended coverage to the use by an insured of "a newly acquired car, a temporary substitute car, or a non-owned car." State Farm Policy, page 7, Section I – Liability – Coverage A. A non-owned car is defined, inter alia, as "a car in the lawful possession of the person operating it." State Farm Policy, page 3, Defined Words, "Non-owned car."

Defendants do not argue that State Farm has a duty to defend or indemnify under any of the above provisions. Instead, they rely on an endorsement which appears on the last page of the policy. State Farm Policy, page 29, 6479A.1 Maine Motor Vehicle Liability Policy Endorsement. That endorsement provides that the liability coverage afforded by the policy also applies, subject to the limits of the financial responsibility requirements of Maine, to "the operation or occupancy of any other car or

---

[1] Specifically, the Lincoln County complaint does not state that Pease tried to extricate Montagna from the vehicle and that Pease ended up discharging his firearm. Otherwise, the complaint and the facts recited by the parties are essentially identical, except that the Lincoln County complaint includes an allegation that Montagna's operation of the vehicle was negligent. Lincoln County complaint ¶¶ 8-9.

[2] In the policy, any time a defined term is used, that term is printed in boldface italics. See State Farm Policy, page 2, preamble to defined words. Quotations from the policy that are contained in this order will not use boldface italics but where defined terms are relevant, their definition will be given.

3

truck–tractor designed to pull a trailer or semi–trailer by: 1. you; 2. your spouse; or 3. your private chauffer or domestic servant." Id.

Defendants' argument is straightforward. They argue that the endorsement's reference to "any other car" provides coverage — or is at least ambiguous as to coverage — with respect to Montagna's attempted flight in Pease's Lincoln County patrol vehicle. Thus the endorsement can be interpreted to apply separately to "any other car" as well as to a "truck-tractor designed to pull a trailer." Alternatively, the qualifying phrase "designed to pull a trailer or semi-trailer" can be interpreted to apply both to "any other car" and to "truck-tractor." In that event the endorsement would apply only to "any other car ... designed to pull a trailer." Since any ambiguities in insurance policies must be interpreted in favor of the insured, see, e.g., Saucier v. Allstate Insurance Co., 1999 ME 197, ¶ 11, 742 A.2d 482, 486, defendants argue that the policy should be interpreted to cover Montagna's unauthorized use of the Lincoln County patrol vehicle, at least up to the limits of the financial responsibility requirements of Maine.

If the endorsement were to be considered independently of the rest of the policy, the court would agree that the endorsement is ambiguous and would therefore result in coverage. The Law Court has stated that policy language should be viewed from the perspective of an average person, untrained in law or insurance. See Foundation for Blood Research v. St. Paul Marine and Fire Ins. Co., 1999 ME 87, ¶11, 730 A.2d 175, 180. However, the Law Court has also stated that the interpretation of a contract of insurance, like the interpretation of any other contract, must be based on an examination of the entire document. See American Protection Insurance Co. v. Acadia Insurance Co., 2003 ME 6, ¶11, 814 A.2d 989, 993, citing Peerless Insurance Co. v. Brennon, 564 A.2d 383, 384-85 (Me. 1994). Thus, the court must look at the entire

4

document and should not interpret the contract in a way that renders any of its provisions meaningless. Id., ¶12, 814 A.2d at 993, citing Acadia Insurance Co. v. Buck Construction Co., 2000 ME 154, ¶9, 756 A.2d 515, 517.

In this instance, interpreting the term "any other car" in the endorsement as a free–standing reference rather than as qualified by the words "designed to pull a trailer" would make the previous restrictions in the policy meaningless. There would be no point in limiting insurance to the car described on the declarations page, plus newly acquired cars, temporary substitute cars, and non-owned cars used in the lawful possession of the person operating them, if the term "any other car" were interpreted to avoid all of those limitations. Defendants' interpretation, which would essentially convert the State Farm policy into coverage for any car, including stolen cars, fails to read the policy as a whole and would render the other vehicle limitations meaningless.

As a result, the court concludes that the policy, read as a whole, is not ambiguous on this issue and the endorsement therefore should be interpreted as relating to vehicles designed to pull trailers. It follows that State Farm is entitled to a declaratory judgment that it is not obligated to defend or indemnify Montagna.

One other point should be noted. Ordinarily a court should limit its ruling to the question of whether an insurance company has a duty to defend and leave the issue of indemnification for a subsequent time. See Penney v. Capital City Transfer, Inc., 1998 ME 44, ¶5, 707 A.2d 387, 388-89. In this case, however, none of the parties have requested that the court defer ruling on indemnification. Moreover, there is an exception to the rule that a ruling on indemnification should be deferred when the parties have stipulated to the facts. See Acadia Insurance Co. v. Mascis, 2001 ME 101, ¶6 n.2, 776 A.2d 617, 619 n.2. Here the facts have not been stipulated but they might as well have been, given the parties' agreement that there are no factual issues for

5

purposes of summary judgment. Accordingly, the court will reach the indemnification issue.

The entry shall be:

Plaintiff's motion for summary judgment is granted. It is declared that State Farm Mutual Automobile Insurance Company has no duty to defend or indemnify defendant Michael Montagna with respect to the claims brought by Jason Pease arising out of Montagna's use of a Lincoln County patrol vehicle on December 25, 2002. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 7, 2004

Thomas D. Warren
Justice, Superior Court