STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO. CV-08-595

ROBERT WOOD,

        Plaintiff

v.                                                  DECISION AND ORDER

ALLSTATE INDEMNITY COMPANY
and LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

        Defendants

## BEFORE THE COURT

This matter is before the court on Liberty Mutual's motion for summary

judgment. Wood brought a reach and apply action against the insurers of James

Foss and Brian McDowell, who were the driver and the registered owner,

respectively, of a 1991 Honda Civic involved in a single-vehicle accident on

December 3, 2004. Wood was a passenger in the Honda and sustained injuries in

excess of $100,000. Both Liberty Mutual and Allstate denied coverage of Wood's

claim. Wood recovered the $100,000 limits of the uninsured motorist coverage

from his own carrier, Vermont Mutual.

On October 7, 2008, Wood (Vermont Mutual as subrogee) obtained

judgment against Foss in the amount of $100,000, plus interests and costs. Wood

now seeks to reach and apply the proceeds of McDowell's policy with Allstate,

which provides liability coverage in the amount of $50,000, and of Foss's policy

with Liberty Mutual, which provides liability coverage in the amount of

$100,000. Allstate contends that McDowell had divested himself of ownership of

the Honda prior to the accident. Liberty Mutual contends that Foss did not own

the Honda, had not contacted Liberty Mutual of his possession of the Honda as required by its policy, and its policy excludes coverage for vehicles that were furnished or available for Foss's regular use. Wood agrees with Liberty Mutual that Allstate's coverage is primary. Wood, however, counters that excess coverage is not excluded under Liberty Mutual's policy of insurance because the use of the Honda by Foss was occasional or incidental to the use of the vehicle and Foss was not required to give notice of a replacement vehicle for liability coverage under the policy.

## PROCEDURAL HISTORY AND BACKGROUND

The following facts are undisputed. On or about October 11, 2004, Foss and McDowell exchanged vehicles. Foss took possession of the 1991 Honda Civic and an ATV, while McDowell took possession of a Ford Fairlane. Foss did not sign a bill of sale for the Honda.[1] McDowell's license plates remained on the Honda. McDowell insured the Honda through Allstate and he did not contact Allstate to remove the Honda from his insurance prior to the accident. Foss possessed the only key for the Honda and Foss had exclusive possession of the vehicle prior to the accident. Foss did not register the Honda. Foss did not notify Liberty Mutual that he had possession of the Honda.

The parties do not dispute these additional facts. Foss was driving the 1991 Honda Civic when on December 3, 2004 Foss loss control of the vehicle, which skidded off the road and hit a tree. Wood was a passenger in the vehicle and sustained injuries in excess of $100,000. At the time of the accident, Foss had liability insurance with Liberty Mutual that covered all vehicles listed in the

---

[1] A few days *after* the accident, McDowell asked Foss to sign a bill of sale and Foss signed the bill of sale. It is undisputed that this was the first time that Foss saw the bill of sale.

2

Declarations page. Foss listed a 2003 Ford F350 truck and a 1993 Chevrolet truck on the Declarations page. Foss sold the 1993 Chevrolet truck prior to obtaining the Honda. Foss did not list the 1991 Honda Civic in the Declarations page. In February 2005, Allstate denied coverage to Foss. In June 2005, Liberty Mutual denied coverage to Foss.

There is a factual dispute about whether Foss made repairs to the Honda when he possessed the vehicle or whether McDowell repaired the Honda before it was transferred to Foss. There is a factual dispute about whether McDowell signed the back of the certificate of title and gave it to Foss at the time of the exchange. These factual disputes are not material to the resolution of the motion for summary judgment.

## DISCUSSION

### 1. Standard of Review.

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence, considered in the light most favorable to the non-moving party, indicates that no genuine issue of material fact is in dispute." *Blue Star Corp. v. CKF Props. LLC*, 2009 ME 101, ¶ 23, __A.2d __ (citing *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825; *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169, 174); *see also* M. R. Civ. P. 56. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the

3

outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22.

### 2.    Coverage under Liberty Mutual's Policy

Liberty Mutual's policy of insurance provides the following exclusion:

> B.    We do not provide Liability Coverage of the ownership, maintenance or use of:
>    2.    Any vehicle, other than "your covered auto," which is:
>       a.    owned by you; or
>       b.    furnished or available for your regular use.

Liberty Mutual contends that there is no coverage for the 1991 Honda Civic because: (1) its policy excludes coverage for cars that are not owned by the insured but that are "furnished or available" for the insured; (2) Foss did not own the 1991 Honda Civic when the accident occurred; and (3) the Honda was furnished and available for Foss's regular use. Wood agrees that the ownership of the Honda did not transfer at the time of the exchange on October 11, 2004 and McDowell owned the Honda when the accident occurred. Allstate disputes the claim that McDowell owned the Honda. Thus, the coverage questions are whether the Honda is a "covered auto", a vehicle owned by Foss, or a vehicle furnished or available for Foss's regular use.

The policy defines "your covered auto" as any vehicle listed in the Declarations page and vehicles owned by the named insured, provided Liberty Mutual is notified of the ownership within 30 days after acquisition of the vehicle or the vehicle replaces one shown on the Declarations page. Foss did not list the Honda in the Declarations page. Foss also did not provide notice within 30 days to Liberty Mutual. Because this court concludes that Foss did not own the Honda, the court need not decide whether the Honda is a vehicle that replaces

4

the 1993 Chevrolet truck shown on the Declarations age.[2] The Honda was not a "covered auto" at the time of the accident because it was not listed in the Declarations page.

The court also concludes that the Honda was not owned by Foss at the time of the accident. The undisputed and specific factual circumstances of this case militate for the conclusion that, as a matter of law, Foss was not the legal owner of the Honda at the time of the accident. These specific circumstances include that McDowell's license plates stayed on the Honda, the Honda remained registered in McDowell's name, McDowell did not remove the Honda from his insurance, Foss did not sign the bill of sale, Foss's name did not appear on the certificate of title, and Foss did not add the Honda to his insurance. On these facts, it was clearly the intention of the parties that McDowell be considered the owner of the Honda, and that the Honda would be covered by McDowell's policy of insurance. See *Bourque v. Dairyland*, 1999 ME 178, ¶ 10, 741 A. 2d 50, 53.[3]

Even if McDowell signed his name to the back of the title, he did not write in Foss's name as the beneficiary of the assignment or warranty of the title as required by 29-A M.R.S.A. § 662. Under Maine statutory law, the transfer of

---

[2] Liberty Mutual allows an insured to replace one car on the policy with another for purposes of liability coverage without informing the company of the replacement: "If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle replaced. You must ask us to insure a replacement vehicle within 30 days if you wish to add or continue Coverage for Damage to Your Auto." For this provision to apply, the court must conclude that Foss owned the Honda at the time of the accident.

[3] *In re Cork & Bagel Trading Co.*, 192 B.R. 789, 790 (Bkrtcy. D. Me. 1995), relied on by Allstate, is inapposite to this case. The court here finds that the certificate of title does not contain the transferees name and the specific circumstances of this case support the finding that McDowell was the legal owner at the time of the accident. And in light of the specific statutory provisions of 29-A M.R.S.A. § 622, the court also rejects the application of *Smith v. Nationwide Mut. Ins. Co.*, 524 N.E. 2d 507, 509 (Ohio 1988), a case from a foreign jurisdiction.

ownership of an automobile is not effective until the owner executes "at the time of delivery of the vehicle, an assignment and warranty of title to the transferee", and pays the required fees. 29-A M.R.S.A. § 662(1), (4).[4] It is undisputed that McDowell did not execute the assignment and warranty of title and pay the required fees.[5] This, in addition to the specific factual circumstances of this case support this court's conclusions, as a matter of law, that a sale of the Honda did not occur prior to the accident and McDowell still owned the Honda at the time of the accident.

Finally, the court concludes that the Honda was furnished or available for Foss's regular use. The Maine Law Court noted some of the relevant factors to such a determination: "(1) blanket permission to use the car rather than having to ask permission for each use; (2) availability of a set of keys to the car; (3) continuous, steady, methodical use as opposed to occasional or special use; (4) the nature of the use (e.g. use for all purposes rather than solely business use); and (5) that the insured would reasonably have expected to pay an extra premium to cover the use of the car." *Acadia Ins. Co. v. Mascis*, 2001 ME 101, ¶¶ 10-11, 776 A. 2d 617, 620-621 (citing *Amica Mut. Ins. Co. v. Franklin*, 147 F. 3d 238, 242 (2d Cir. 1998)). In this case, the Honda was left in Foss's possession, Foss had the only set of keys, he did not require McDowell's permission to use the Honda, and there were no restrictions identified that limited Foss's use of the Honda. Because Foss had the right and opportunity to use the Honda anytime, the use

---

[4] "[A] transfer by an owner is not effective until the provisions of this section . . . have been fulfilled and the required fees have been paid." 29-A M.R.S.A. § 662(4).
[5] Section 662(4) provides: "An owner who has delivered possession of the vehicle and has complied with this section . . . is not liable thereafter as owner for damages resulting from operation of the vehicle." *Id*. McDowell cannot avail himself of the protection of this provision because he did not comply with section 662.

6

here was not occasional or incidental, but rather it was regular use of the vehicle, "which would increase the risk on the insurance company without a corresponding increase in the premium." *Id.* at ¶ 11. Foss could reasonably have expected that he would have to pay additional premiums for his use of McDowell's vehicle. Accordingly, the Honda was furnished and available for Foss's regular use within the meaning of the exclusion of Liberty Mutual's policy of insurance.

This conclusion is not undermined by Foss's claim that for part of the time, the Honda was under repair. Even if the vehicle was being repaired some or even much of the time that it was in Foss's possession, it is undisputed that Foss was driving the Honda for at least two weeks prior to the accident. See *Amica Mutual Insurance Co. v. Franklin*, 147 F. 3d 238, 242-43 (2nd Cir. 1998). It is the opportunity for use, rather than actual use, that is determinative. *Allstate Ins. Co. v. GEICO*, 263 A. 2d 78, 81 (Me. 1970).

## CONCLUSION

Viewing the facts in the light most favorable to the non-moving parties, this court concludes that Liberty Mutual's policy of insurance did not provide coverage because at the time of the accident the Honda was not a "covered auto", was not owned by Foss and was furnished or available for Foss's regular use.


It is hereby ORDERED as follows:

The defendant Liberty Mutual's motion for summary judgment is GRANTED.

7

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: October 22, 2009

Joyce A. Wheeler, Justice

ROBERT WOOD VS ALLSTATE INDEMNITY COMPANY ET AL
UTN:AOCSsr  -2008-0118954                    CASE #:PORSC-CV-2008-00595
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE     DATE
01 0000000558 ATTORNEY:DOUGLAS, MARTICA
ADDR:103 EXCHANGE ST PO BOX 7108 PORTLAND ME 04112
    F FOR:ALLSTATE INDEMNITY COMPANY            DEF       RTND   11/07/2008
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE     DATE
04 0000010008 ATTORNEY:JOHANSON, ERICA M
ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
    F FOR:ROBERT WOOD                           PL        RTND   10/21/2008


03 0000002062 ATTORNEY:THALER, JEFFREY
ADDR:100 MIDDLE ST PO BOX 9729 PORTLAND ME 04104-5029
    F FOR:LIBERTY MUTUAL FIRE INSURANCE COMPANY    DEF    RTND   03/27/2009