SAMUEL C. LORD *vs.* HENRY LANGDON.

Sagadahoc.    Opinion January 5, 1898.

*Malicious Fence.    Stat. 1893, c. 188.*

By the common law a man may build a fence on his own land as high as he pleases, although by so doing it may obstruct his neighbor's light and air.

But by statute, " any fence or other structure in the nature of a fence, unnecessarily exceeding eight feet in height, maliciously kept and maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance."

The gist of an action against a party for maintaining such a structure is that it is " maliciously kept and maintained." The plaintiff must show that malevolence was the dominant motive.

ON MOTION BY DEFENDANT.

The case appears in the opinion.

*Frank E. Southard*, for plaintiff.

*Geo. E. Hughes*, for defendant.

SITTING : FOSTER, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

FOSTER, J.   This is an action brought under c. 188 of the Laws of 1893, to recover damages for maliciously keeping and maintaining a structure in the nature of a fence for the purpose of annoying the plaintiff.

The verdict was in favor of the plaintiff, and the case comes up on motion for a new trial.

The parties occupy adjacent lots, on which their respective houses stand, on the east side of High Street in the city of Bath. Sometime in 1894 the defendant built a structure entirely on his own land about two feet from the division fence separating the two lots and four feet from plaintiff's house.   It was eight and one-half feet high on the west end, and fourteen feet on the east end, conforming to the grade of the lot, level on top, and as high as the top of the plaintiff's windows.

By the common law a man may build a fence on his own land as high as he pleases, although by so doing it may obstruct his neighbor's light and air. But by the statute, "any fence or other structure in the nature of a fence, unnecessarily exceeding eight feet in height, maliciously kept and maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance."

The gist of the action consists in the fact that the structure is "maliciously kept and maintained." To entitle the plaintiff to recover, it must be shown that malevolence was the dominant motive, and without which the fence would not have been built or maintained. So if the height above eight feet is shown to be necessary, there can be no liability, no matter what may be the motive of the owner in erecting it. *Rideout* v. *Knox*, 148 Mass. 368.

Under instructions from the court to which no exceptions are taken, the jury found that the controlling, dominant motive of the defendant was malicious, and that the erection of the fence was done for the purpose of annoying the plaintiff. The evidence satisfies us that the jury were justified in the conclusions to which they arrived, and that the verdict ought not to be disturbed.

*Motion overruled.*