WILLIAM E. BELL
*vs.*
ANGIE M. BELL

Cumberland.   Opinion, September 19, 1955.

*Clifford E. McGlauflin,* for plaintiff.

*Berman, Berman & Wernick,*
*Sidney W. Wernick,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.   MR. JUSTICE TIRRELL sat at time of argument, took part in conference but died before writing of opinion.

BELIVEAU, J.   This is an equity case heard in the Supreme Judicial Court in Cumberland County and is before

the Law Court on defendant's appeal from a decision sustaining the bill.

The plaintiff is the father of the defendant's husband. On May 23, 1927 the defendant acquired title to the property involved here, by a warranty deed to her from the then owner. The purchase price was $1750. The first or down payment of $400, made by the defendant, was advanced to her by the plaintiff, and a mortgage of $1350 was negotiated. The defendant occupied the premises from that time until about the twenty-fifth day of February 1934, when her husband's employment was transferred to Togus. A home was purchased by the defendant, or her husband, in West Gardiner early in 1934, and again the defendant did not have sufficient funds to make the so-called down payment. The plaintiff advanced to the defendant the sum of $800 to make it possible for her and the husband to acquire this property.

It is the contention of the plaintiff that when he advanced the defendant the sum of $800 in February 1934, it was then agreed between all the parties that he, the plaintiff, was to own the place in West Falmouth, and that the consideration for the sale to the plaintiff was the sum of $400 advanced in 1927, the sum of $800 advanced in February 1934 and an agreement with the plaintiff to meet the monthly payments on the mortgage which covered the premises and pay taxes.

The defendant, and her husband, on the other hand, testified that the only agreement between the parties in 1934, was that the plaintiff might occupy the premises by paying the monthly installments on the mortgage, and at all times the relationship between them was that of landlord and tenant. That clearly was the issue which the justice below decided in favor of the plaintiff.

It has been stated by our court, repeatedly, that this court cannot disturb such a finding unless "clearly wrong." *Wolf*

*et al.* v. *Jordan Co.*, 146 Me. 374. The appellant "must show the decree appealed from to be clearly wrong, otherwise it will be affirmed." *Morin* v. *Maxim et al.*, 146 Me. 426.

The only question then before this court is to determine if there was enough, or sufficient, evidence to warrant a finding for the plaintiff. While abandonment is alleged in the bill, it is not now relied upon by the plaintiff.

The plaintiff claims and contends that he, in fact, on the twenty-fifth day of February 1934, purchased the property from the defendant, that his occupancy from that time on, was as owner of the property. While the plaintiff's testimony seems, at times, to be somewhat confusing it can be gathered that he, on the twenty-fifth day of February 1934, contracted for the property and while no deed or other writing was passed between the parties, he occupied it exclusively as purchaser. He denied, when asked, that the situation was otherwise.

The unquestioned facts show that originally neither the defendant nor her husband invested any money in the West Falmouth property other than such repairs and improvements as they made during their seven-year occupancy.

Sometime in 1934, as part of the consideration, the defendant and her husband were paid by the plaintiff the sum of $800 over and above the original cost to them. To this purchase price they had contributed nothing more than the small monthly payments on the mortgage. Other than that, the $800 was profit.

The evidence fails to show that the defendant, or her husband, showed any interest in the property during the twenty years, such interest as a landlord is expected to manifest in property occupied by a tenant. They apparently were not interested as to how the property was kept in repair, that the taxes were paid or the monthly payment on the mortgage met. It was not until they were given an oppor-

tunity to dispose of this real estate for the purchase price of $6,000 that they became interested. The plaintiff as before stated in this opinion, paid the defendant in 1934, the sum of $800, over and above the original price and if the defendant were successful she would then make a further profit of $6,000 for the conveyance of this property to the Maine Turnpike Authority. While this situation is not decisive of the case by any means, it is nevertheless a circumstance which tends to corroborate the testimony of the plaintiff, and no doubt influenced the court below in finding that for more than twenty years the plaintiff had been in uninterrupted possession of the property under a claim of ownership.

While we agree with the justice below in his findings, we are not able to concur with his ruling that the occupancy by the plaintiff was adverse to the defendant and that he acquired title to the premises by adverse possession.

The courts have universally held that one entering upon land under a verbal contract with the owner for the sale of the property, by that fact, recognizes the title of the grantor and is subservient to that title until he has performed or offered to perform his part of the agreement, fully.

"*Manning* v. *Kansas & T. Coal Co.*, 181 Mo. 359, 81 S. W. 140."

See also "Annotation 1 A. L. R. 1336."

However, the plaintiff having entered upon the premises under what he claims to be a contract, for the purchase of the property, and having met all the terms thereof is entitled to a conveyance, even tho, as stated before, that contract was oral.

In *Woodbury* v. *Gardner*, 77 Me. at Page 70, our court held that —

"part performance of an unwritten contract to convey land may authorize a court of equity to compel

specific performance by the other party in contradiction to the positive terms of the statute of frauds. *Foxcroft* v. *Lester,* 2 Vern. 456; *Bond* v. *Hopkins,* 1 Sch. & Lef. 433; *Coles* v. *Pilkington,* L. R. 19 Eq. 174. And the same doctrine has been adopted by all (save three or four) of the states of the Union (Pom. Eq. Jur. Par. 1409), some of them making it an express exception to the statute of frauds. Wat. Sp. Per. Par. 257.

The ground of the remedy is an equitable estoppel based on an equitable fraud. After having induced or knowingly permitted another to perform in part an agreement, on the faith of its full performance by both parties and for which he could not well be compensated except by specific performance, the other shall not insist that the agreement is void. *Morphett* v. *Jones,* 1 Swan. 181; *Buck* v. *Harrop,* 7 Ves. 346; *Potter* v. *Jacobs,* 111 Mass. 32, 37. In other words, the statute of frauds having been enacted for the purpose of preventing frauds should not be used fraudulently. *Mestaer* v. *Gillespie,* 11 Ves. 621; 627; *Whitebread* v. *Brochurst,* 1 Bro. C. C. 417; *Ash* v. *Hare,* 73 Maine, 403; Pom. Eq. Jur. Par. 921."

The court below found that the plaintiff paid for the property, including the mortgages and all taxes since 1934. In other words, that the plaintiff had performed fully his part of the contract. This was not "clearly wrong."

This court shall on appeal such as this —

"affirm, reverse or modify the decree of the court below or remand the cause for further proceedings, as it deems proper."

"Section 21, Chapter 107 of the Revised Statutes."

As we have indicated, the court was in error in finding the plaintiff had acquired title by adverse possession. Hence the decree below cannot stand. The situation disclosed by the record is such, however, that the plaintiff in equity and good conscience should not be denied an opportunity for

seeking equitable relief on other grounds with the protection of the injunction now in force for a reasonable period.

The bill is remanded for entry of a decree dismissing the bill with costs unless within thirty days from the date of the mandate herein the plaintiff shall file a further bill in equity, whereupon a decree shall be entered dismissing this bill with costs without prejudice; and during such thirty day period the injunction hereinbefore issued shall remain in full force and effect.

*Case remanded for proceedings in accordance with this opinion.*