**Emile LANDRY, Jr. et al.**

v.

**Dennis LANDRY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 17, 1994.

Decided April 26, 1994.

---

Donald J. Gasink, Augusta, for plaintiffs.

Stephen H. Mackenzie, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

After a non-jury trial the defendants, Dennis Landry and Emile Landry, Sr.,[1] appeal from a judgment entered in the Superior Court (Kennebec County, *Saufley, J.*) in favor of the plaintiffs, Emile Landry, Jr. and Linda L. Landry, on their complaint alleging breach of an oral contract for the exchange of two parcels of real estate. The defendants contend that the trial court erred in its determination that the Statute of Frauds, 33 M.R.S.A. § 51 (1988), did not bar judicial enforcement of the oral contract between Dennis and Emile, Jr. We affirm the judgment.

The record supports the trial court's findings that in 1989 Emile, Jr. and Dennis entered into an oral contract providing that on payment of a $15,000 debt owed by Dennis to Emile, Jr., the plaintiffs would convey to Dennis a lot in Belgrade owned by them in exchange for a conveyance by Dennis to the plaintiffs of a parcel of real estate owned by Dennis in Readfield. Dennis assumed responsibility for the preparation of the necessary transfer documents. At the time of the planned closing in July of 1989, Dennis provided the plaintiffs with the papers necessary for transferring the Belgrade lot but not the documents pertaining to the transfer of the Readfield property. Relying on Dennis's representation that minor difficulties had prevented completion of the documents for the Readfield property, but that the documents would be prepared and executed in the near future, the plaintiffs completed the transfer of the Belgrade parcel and accepted from Dennis a check in the amount of $15,-000. Thereafter, Dennis refused to convey the Readfield property and denied that it had been part of the contract. The plaintiffs filed this action, seeking specific performance of the contract or, in the alternative, restitution of the Belgrade property. The defendants answered and filed a counterclaim, alleging that Emile, Jr. had refused to repay a debt of $10,000 he owed to Dennis. Following the trial, a judgment directing Dennis to convey the Readfield property to the plaintiffs was entered, along with a judgment for the plaintiffs on the counterclaim,[2] and the defendants appeal.

The provision of the Statute of Frauds that no action shall be maintained on a contract for the sale of real estate unless the contract, or some memorandum of it, is in writing, signed by the party to be charged, 33 M.R.S.A. § 51(4), would operate as a bar to the present action unless some recognized exception to the statute applies. *Shaheen v. Gewappi's, Inc.*, 529 A.2d 805, 806 (Me.1987). We agree with the trial court that the "part performance" exception to the Statute of Frauds applies to the facts established by the plaintiffs. "After having induced or knowingly permitted another to perform in part an agreement, on the faith of its full performance by both parties and for which he could not well be compensated except by specific performance, the other shall not insist that the agreement is void." *Bell v. Bell,* 151 Me. 207, 211, 116 A.2d 921, 923 (1955) (quoting *Woodbury v. Gardner,* 77 Me. 68, 70 (1885)); *see also* Restatement (Second) of Contracts § 129 (1981). The evidence supports the trial court's determination that Dennis induced the plaintiffs to transfer the Belgrade property pursuant to the agreement of Emile, Jr. and Dennis to exchange real estate parcels, on the faith that Dennis would also perform.

1. Defendant Emile Landry, Sr., is not a party to the contract that is at issue in this proceeding. He was named as a defendant because he was designated by Dennis Landry as the grantee of the property Dennis was to receive pursuant to the contract and one of the forms of relief sought by the plaintiffs was restitution of the property.

2. The defendants do not challenge the entry of judgment for the plaintiffs on the defendants' counterclaim.

The trial court properly determined that specific performance of that oral contract is not barred by the Statute of Frauds.

The entry is:

Judgment affirmed.

All concurring.