STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-542

DALE CRESSEY,

      Plaintiff

v.                              ORDER

LINDA CRESSEY,

      Defendant

Before the court is a motion for summary judgment by defendant Linda Cressey in an action brought by her brother Dale.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Linda argues that Dale's complaint is barred by the statute of limitations, by the statute of frauds, by equitable estoppel, by laches, and by alleged violations of fiduciary

duty owed to Linda by Dale in his capacity as the Personal Representative of their father's estate.

The court has reviewed the summary judgment record and concludes that there are disputed issues of fact for trial on each of Linda's arguments. These include, but are not necessarily limited to, the following:

1. Statute of Limitations: Dale appears to contend that Linda had agreed to make monthly payments toward the purchase of the home when she moved in. In her memorandum of law, Linda asserts that she moved in to the residence in August 2004, but that date is not set forth in her statement of material facts. As a result, the court cannot accept that date as established.

Even assuming, moreover, that it were undisputed that she moved into the residence in August 2004, that she did not begin making monthly payments at that time, and that more than six years therefore passed from the first missed monthly payment from the commencement of this suit in October 2011, the statute of limitations may only bar recovery of the monthly payments allegedly owed from August 2004 to October of 2004.

2. Statute of Frauds: On this record there are disputed issues of fact as to whether the doctrine of part performance may excuse any failure to comply with the statute of frauds, see Landry v. Landry, 641 A.2d 182, 183 (Me.1994), and whether promissory estoppel may be invoked in this case. See Chapman v. Bomann, 381 A.2d 1123 (Me. 1978). Moreover, even if the statute of frauds were to apply to Dale's contract claim, it would not necessarily apply to his unjust enrichment claim.

3. Equitable Estoppel and Laches: On this record there are also disputed issues of fact as to whether Dale could be found to be equitably estopped from enforcing the alleged contract by his inaction – or forbearance – in seeking to enforce the alleged

2

contract. Disputed issues of fact also exist with respect to the application of laches where Dale contends that Linda only repudiated the alleged contract in 2007 and that he then attempted to pursue his claims in the Probate Court.

4. <u>Breach of Fiduciary Duty</u>: Linda relies on 18-B M.R.S. § 802(4), a provision in the Uniform Trust Code which is made applicable to personal representatives by 18-A M.R.S. § 3-703(a).[1] That section arguably makes certain transactions between personal representatives and beneficiaries voidable unless the trustee can establish that the transaction is fair to the beneficiary. On this record, Linda has not offered facts that establish that the alleged agreement would have been unfair to her as the beneficiary.[2]

Similarly, Linda also relies on 18-A M.R.S. § 3-713, which provides that certain sales or encumbrances to a personal representative are voidable by any person interested in the estate except one who has consented after fair disclosure. It is not clear to the court that the alleged agreement which forms the basis for Dale's suit constituted a sale or encumbrance to Dale as personal representative. Even if it did, however, Linda has not established on this record that she did not agree to the transaction after full disclosure.

The entry shall be:

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] The applicability of this section is complicated by a provision that the Uniform Trust Code does not apply to acts performed prior to July 1, 2005. 18-B M.R.S. § 1104(1)(E). Arguably the actions complained of by Linda occurred prior to July 1, 2005. However, the court does not have to resolve that issue and will assume the Code applies for purposes of this motion.

[2] At trial, if that section applies, it will be Dale's burden to establish the fairness of the transaction. On summary judgment, however, it is Linda's burden to establish that the transaction would have been unfair.

3

Dated: August 28, 2012

Thomas D. Warren
Justice, Superior Court

4

---

01 0000001730          CLARK, PERRY
   425 MAIN STREET WESTBROOK ME 04092

| F | LINDA CRESSEY | DEF | RTND | 10/13/2011 |
|---|---|---|---|---|

02 0000001594          PALLAS, RAY
   425 MAIN STREET WESTBROOK ME 04092

| F | LINDA CRESSEY | DEF | RTND | 10/13/2011 |
|---|---|---|---|---|

03 0000004228          RUSSELL, AUBREY A
   11 LISBON STREET LEWISTON ME 04240

| F | DALE CRESSEY | PL | RTND | 10/04/2011 |
|---|---|---|---|---|