Plaintiff-Sheilah McLaughlin, Esq.
Defendants-Pro Se



STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-14-356, 490

JONATHAN TUCKER,

     Plaintiff

v.

                          AMENDED JUDGMENT

CRYSTAL WILLIAMS and
ERIC NICHOLS,

STATE OF MAINE
Cumberland. ss. Clerk's Office
JAN 1 2 2017
RECEIVED

     Defendants

## Background

Plaintiff filed two separate complaints against both defendants on August 6, 2014 and November 24, 2014. Plaintiff alleges three causes of action against both defendants: breach of contract, count I; unjust enrichment, count II; and punitive damages, count III. An answer, filed in CV-14-356 on May 29, 2014, has not been considered by the court because it was not signed by a person who is a party or who is licensed to practice law in Maine. Defendant Williams was defaulted on September 10, 2015. Plaintiff's complaints were consolidated on July 14, 2016.

Jury-waived trial on plaintiff's complaints was held on November 21, 2016. Notice of trial dated November 2, 2016 was sent to the parties. Plaintiff appeared with counsel. Defendants did not appear.

## Findings of Fact

In March 2013, plaintiff negotiated with defendant Williams to buy from her a 6.6 acre parcel of land for $15,000.00, including a $10,000.00 down payment and $5,000.00 paid over time. Plaintiff visited the parcel with defendant Williams, who was very clear about the boundaries of the parcel. Defendant Williams represented the "land is free and clear of any and all liens. There are No secrets or hidden surprises." (Pl.'s Exs. 1, 6-7.)

1

On April 9, 2013, plaintiff withdrew $10,000.00 from his account. Within a few days after that date, he paid the down payment to defendant Williams with a cashier's check for $9,900.00 and cash of $100.00 at defendant Williams's request. (Pl.'s Exs. 2, 4.) She did not want IRS scrutiny. (Pl.'s Exs. 1, 3, 10.) Plaintiff had never purchased land previously.

Defendant Williams did not own the parcel when she accepted plaintiff's down payment. She and Sherman Thomason had conveyed the parcel to defendant Nichols on March 18, 2013. (Pl.'s Ex. 1A; Pl.'s Ex. 1, 8.) Their remaining land was conveyed to others on March 15 and 18, 2013. (Pl.'s Exs. 6, 8.) On April 8, 2013, defendant Williams informed plaintiff that defendant Nichols "just bought six acres from me but after telling him of you and your needs he agreed to sell it to you and work out something else with me . . . We walked there yesterday . . it is so beautiful and QUIET. There will be NO issues. Warranty deed assures that it is free and clear." (Pl.'s Ex. 1 8.)

Plaintiff and defendant Nichols went to the Registry of Deeds and learned that an IRS lien for $28,000.00 or $29,000.00 was on the parcel. A day or two later, plaintiff and defendant Nichols entered a purchase and sale agreement for the parcel; the agreement is dated April 12, 2013. (Pl.'s Ex. 3.) The parties discussed waiting for 90 days to determine whether the lien could be lifted. (Pl.'s Exs. 1, 12.) The contingency of conveying a different parcel to plaintiff is an impossibility. Defendant Nichols informed plaintiff that no other land could be substituted because it is owned by Luke Thomason and Tanya Farrington-Thomason. (Pl.'s Exs. 1 13; 6; 8; see Pl.'s Ex. 1 12.)

Defendant Williams's conciliatory approach to plaintiff changed after he discovered the facts. (Pl.'s Exs. 1, 12-13.) She eventually threatened plaintiff and alleged he was harassing her and stalking her daughter-in-law. In an unsigned email dated July 3, 2013 sent from defendant

Nichols's email account but, the court reasonably infers, written by defendant Williams, she threatened a restraining order against plaintiff and mandated that the matter henceforth was between plaintiff and defendant Nichols solely. (Pl.'s Exs. 1-B, 4.)

On July 10, 2013, defendant Nichols advised plaintiff that "the lien is a drag" and "Sometimes things just go wrong." (Pl.'s Ex. 1-C.) On July 25, 2013, defendant Nichols informed plaintiff that defendants had split up,[1] defendant Nichols was leaving, and he could not take care of the issue until spring. (Pl.'s Ex. 1-D.) That was plaintiff's last contact with defendants.

The IRS lien on the parcel has not been satisfied. Plaintiff's $10,000.00 down payment has never been returned to him. No deed conveying the parcel to plaintiff has been executed.

Conclusions of Law

### Count I: Breach of Contract

"A contract exists if the parties mutually assent to be bound by all its material terms, the assent is either expressly or impliedly manifested in the contract, and the contract is sufficiently definite to enable the court to ascertain its exact meaning and fix exactly the legal liabilities of each party." Sullivan v. Porter, 2004 ME 134, ¶ 13, 861 A.2d 625. In order to prevail on his breach of contract claim, plaintiff must prove by a preponderance of the evidence "(1) breach of a material contract term; (2) causation; and (3) damages." Me. Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248.

Plaintiff and defendant Williams agreed that she would sell and he would buy for $15,000.00 a specific parcel of land. Instead, she conveyed the parcel to defendant Nichols but accepted plaintiff's down payment of $10,000.00 and has not returned it. Plaintiff's part

---

[1] In 2013, defendant Williams was married to Mr. Thomason but had a relationship with defendant Nichols.

3

performance removes any issue with regard to compliance with the statute of frauds. See Landry v. Landry, 641 A.2d 182, 183 (Me. 1994); Restatement (Second) of Contracts § 129 (1981).

Plaintiff and defendant Nichols entered a purchase and sale agreement for the purchase of the same parcel. (Pl.'s Ex. 3.) The lien has not been lifted, no other property has been deeded to plaintiff, and the deposit has not been returned.

Plaintiff has proved that both defendants breached their contracts with plaintiff and their breaches proximately caused damages of $10,000.00 to him.

Count II: Unjust Enrichment

Because plaintiff has proved both defendants breached their contracts with plaintiff, his claim of unjust enrichment is precluded. See Forrest Assocs. v. Passamaquoddy Tribe, 2000 ME 195, ¶ 14, 760 A.2d 1041 (plaintiff must prove that he conferred a benefit on the defendant, that defendant had appreciation or knowledge of the benefit, and that acceptance or retention of the benefit would be inequitable under the circumstances); In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶¶ 19-20, 759 A.2d 217 (contract of employment precluded unjust enrichment claim).

Count III: Punitive Damages

To prevail on his request for punitive damages, plaintiff must prove by clear and convincing evidence that defendants' deliberate conduct was based on express or implied malice. Express malice is shown "where the defendant's tortious conduct is motivated by ill will toward the plaintiff" or "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985).

Defendant Williams was defaulted. Accordingly, "the allegations in the plaintiff's complaint are deemed to be true and become findings of fact." McAlister v. Slosberg, 658 A.2d 658, 660 (Me. 1995); (Pl.'s Compl. Count III, ¶¶ 2-3.)

Defendant Nichols was not defaulted. Plaintiff has failed to prove malice on the part of defendant Nichols. On this record, the evidence is unclear, and certainly does not rise to the level of clear and convincing evidence, that defendant Nichols cooperated deliberately in defendant Williams's scheme.

Specific Performance/Fraudulent Transfer

Plaintiff pleaded three counts in his complaints. During his testimony, he discussed other possible remedies, including specific performance and violation of the Uniform Fraudulent Transfer Act. 14 M.R.S. § 3571 et seq. Defendant Williams's other interests in property were previously conveyed. (Pl.'s Exs. 6, 8.) This record reflects little information concerning those transactions or the grantees of the property. The parcel conveyed by defendant Williams to defendant Nichols is encumbered by an IRS lien in the amount of at least $28,000.00. The record reflects little information concerning the transfer of that parcel between defendants. See Coleman v. Dunton, 99 Me. 121, 124, 58 A. 430, 431 (1904).

The entry is

> Judgment is entered in favor of Plaintiff, Jonathan Tucker, and against Defendant Crystal Williams and Defendant Eric Nichols, jointly and severally, on Count I of Plaintiff's Complaints in the amount of $10,000.00 plus prejudgment interest at the rate of 3.13%, post-judgment interest at the rate of 6.87%, plus costs.
>
> Judgment is entered in favor of Defendant Crystal Williams and Defendant Eric Nichols and against Plaintiff Jonathan Tucker on Count II of Plaintiff's Complaints.
>
> Judgment is entered in favor of Plaintiff Jonathan Tucker and against Defendant Crystal Williams on Count III of Plaintiff's

5

Complaints in the amount of $20,000.00 plus prejudgment interest at the rate of 3.13%, post-judgment interest at the rate of 6.87%, plus costs.

Judgment is entered in favor of Defendant Eric Nichols and against Plaintiff Jonathan Tucker on Count III of Plaintiff's Complaints.

Date: January 11, 2017

Nancy Mills
Justice, Superior Court

6

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-14-356/490

JONATHAN TUCKER,

      Plaintiff

v.

CRYSTAL WILLIAMS and
ERIC NICHOLS,

      Defendants

JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 10 2017

RECEIVED

## Background

Plaintiff filed two separate complaints against both defendants on August 6, 2014 and November 24, 2014. Plaintiff alleges three causes of action against both defendants: breach of contract, count I; unjust enrichment, count II; and punitive damages, count III. An answer, filed in CV-14-356 on May 29, 2014, has not been considered by the court because it was not signed by a person who is a party or who is licensed to practice law in Maine. Defendant Williams was defaulted on September 10, 2015. Plaintiff's complaints were consolidated on July 14, 2016.

Jury-waived trial on plaintiff's complaints was held on November 21, 2016. Notice of trial dated November 2, 2016 was sent to the parties. Plaintiff appeared with counsel. Defendants did not appear.

## Findings of Fact

In March 2013, plaintiff negotiated with defendant Williams to buy from her a 6.6 acre parcel of land for $15,000.00, including a $10,000.00 down payment and $5,000.00 paid over time. Plaintiff visited the parcel with defendant Williams, who was very clear about the boundaries of the parcel. Defendant Williams represented the "land is free and clear of any and all liens. There are No secrets or hidden surprises." (Pl.'s Exs. 1, 6-7.)

1

On April 9, 2013, plaintiff withdrew $10,000.00 from his account. Within a few days after that date, he paid the down payment to defendant Williams with a cashier's check for $9,900.00 and cash of $100.00 at defendant Williams's request. (Pl.'s Exs. 2, 4.) She did not want IRS scrutiny. (Pl.'s Exs. 1, 3, 10.) Plaintiff had never purchased land previously.

Defendant Williams did not own the parcel when she accepted plaintiff's down payment. She and Sherman Thomason had conveyed the parcel to defendant Nichols on March 18, 2013. (Pl.'s Ex. 1A; Pl.'s Ex. 1, 8.) Their remaining land was conveyed to others on March 15 and 18, 2013. (Pl.'s Exs. 6, 8.) On April 8, 2013, defendant Williams informed plaintiff that defendant Nichols "just bought six acres from me but after telling him of you and your needs he agreed to sell it to you and work out something else with me . . . We walked there yesterday . . it is so beautiful and QUIET. There will be NO issues. Warranty deed assures that it is free and clear." (Pl.'s Ex. 1 8.)

Plaintiff and defendant Nichols went to the Registry of Deeds and learned that an IRS lien for $28,000.00 or $29,000.00 was on the parcel. A day or two later, plaintiff and defendant Nichols entered a purchase and sale agreement for the parcel; the agreement is dated April 12, 2013. (Pl.'s Ex. 3.) The parties discussed waiting for 90 days to determine whether the lien could be lifted. (Pl.'s Exs. 1, 12.) The contingency of conveying a different parcel to plaintiff is an impossibility. Defendant Nichols informed plaintiff that no other land could be substituted because it is owned by Luke Thomason and Tanya Farrington-Thomason. (Pl.'s Exs. 1 13; 6; 8; see Pl.'s Ex. 1 12.)

Defendant Williams's conciliatory approach to plaintiff changed after he discovered the facts. (Pl.'s Exs. 1, 12-13.) She eventually threatened plaintiff and alleged he was harassing her and stalking her daughter-in-law. In an unsigned email dated July 3, 2013 sent from defendant

Nichols's email account but, the court reasonably infers, written by defendant Williams, she threatened a restraining order against plaintiff and mandated that the matter henceforth was between plaintiff and defendant Nichols solely. (Pl.'s Exs. 1-B, 4.)

On July 10, 2013, defendant Nichols advised plaintiff that "the lien is a drag" and "Sometimes things just go wrong." (Pl.'s Ex. 1-C.) On July 25, 2013, defendant Nichols informed plaintiff that defendants had split up,[1] defendant Nichols was leaving, and he could not take care of the issue until spring. (Pl.'s Ex. 1-D.) That was plaintiff's last contact with defendants.

The IRS lien on the parcel has not been satisfied. Plaintiff's $10,000.00 down payment has never been returned to him. No deed conveying the parcel to plaintiff has been executed.

Conclusions of Law

### Count I: Breach of Contract

"A contract exists if the parties mutually assent to be bound by all its material terms, the assent is either expressly or impliedly manifested in the contract, and the contract is sufficiently definite to enable the court to ascertain its exact meaning and fix exactly the legal liabilities of each party." Sullivan v. Porter, 2004 ME 134, ¶ 13, 861 A.2d 625. In order to prevail on his breach of contract claim, plaintiff must prove by a preponderance of the evidence "(1) breach of a material contract term; (2) causation; and (3) damages." Me. Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248.

Plaintiff and defendant Williams agreed that she would sell and he would buy for $15,000.00 a specific parcel of land. Instead, she conveyed the parcel to defendant Nichols but accepted plaintiff's down payment of $10,000.00 and has not returned it. Plaintiff's part

---

[1] In 2013, defendant Williams was married to Mr. Thomason but had a relationship with defendant Nichols.

3

performance removes any issue with regard to compliance with the statute of frauds. See Landry v. Landry, 641 A.2d 182, 183 (Me. 1994); Restatement (Second) of Contracts § 129 (1981).

Plaintiff and defendant Nichols entered a purchase and sale agreement for the purchase of the same parcel. (Pl.'s Ex. 3.) The lien has not been lifted, no other property has been deeded to plaintiff, and the deposit has not been returned.

Plaintiff has proved that both defendants breached their contracts with plaintiff and their breaches proximately caused damages of $10,000.00 to him.

### Count II: Unjust Enrichment

Because plaintiff has proved both defendants breached their contracts with plaintiff, his claim of unjust enrichment is precluded. See Forrest Assocs. v. Passamaquoddy Tribe, 2000 ME 195, ¶ 14, 760 A.2d 1041 (plaintiff must prove that he conferred a benefit on the defendant, that defendant had appreciation or knowledge of the benefit, and that acceptance or retention of the benefit would be inequitable under the circumstances); In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶¶ 19-20, 759 A.2d 217 (contract of employment precluded unjust enrichment claim).

### Count III: Punitive Damages

To prevail on his request for punitive damages, plaintiff must prove by clear and convincing evidence that defendants' deliberate conduct was based on express or implied malice. Express malice is shown "where the defendant's tortious conduct is motivated by ill will toward the plaintiff" or "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985).

4

Defendant Williams was defaulted. Accordingly, "the allegations in the plaintiff's complaint are deemed to be true and become findings of fact." McAlister v. Slosberg, 658 A.2d 658, 660 (Me. 1995); (Pl.'s Compl. Count III, ¶¶ 2-3.)

Defendant Nichols was not defaulted. Plaintiff has failed to prove malice on the part of defendant Nichols. On this record, the evidence is unclear, and certainly does not rise to the level of clear and convincing evidence, that defendant Nichols cooperated deliberately in defendant Williams's scheme.

### Specific Performance/Fraudulent Transfer

Plaintiff pleaded three counts in his complaints. During his testimony, he discussed other possible remedies, including specific performance and violation of the Uniform Fraudulent Transfer Act. 14 M.R.S. § 3571 et seq. Defendant Williams's other interests in property were previously conveyed. (Pl.'s Exs. 6, 8.) This record reflects little information concerning those transactions or the grantees of the property. The parcel conveyed by defendant Williams to defendant Nichols is encumbered by an IRS lien in the amount of at least $28,000.00. The record reflects little information concerning the transfer of that parcel between defendants. See Coleman v. Dunton, 99 Me. 121, 124, 58 A. 430, 431 (1904).

The entry is

> Judgment is entered in favor of Plaintiff, Jonathan Tucker, and against Defendant Crystal Williams and Defendant Eric Nichols, jointly and severally, on Count I of Plaintiff's Complaints in the amount of $10,000.00 plus prejudgment interest at the rate of 8.00%, post-judgment interest at the rate of 6.87%, plus costs.
>
> Judgment is entered in favor of Defendant Crystal Williams and Defendant Eric Nichols and against Plaintiff Jonathan Tucker on Count II of Plaintiff's Complaints.
>
> Judgment is entered in favor of Plaintiff Jonathan Tucker and against Defendant Crystal Williams on Count III of Plaintiff's

5

Complaints in the amount of $20,000.00 plus prejudgment interest at the rate of 8.00%, post-judgment interest at the rate of 6.87%, plus costs.

Judgment is entered in favor of Defendant Eric Nichols and against Plaintiff Jonathan Tucker on Count III of Plaintiff's Complaints.

Date: January 10, 2017

Nancy Mills
Justice, Superior Court

6